IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGE HOEY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:11cv2-WKW |
| | ) | (WO) |
| SUSAN R. REDMOND, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This *Bivens* action[1] is before the court on a *pro se* complaint filed by federal inmate George Hoey Morris ("Morris") naming Assistant United States Attorney Susan R. Redmond ("Redmond") as defendant. Morris filed his complaint in state court on or around November 4, 2010. Redmond removed the case to this court on January 6, 2011.

In his complaint, Morris alleges that Redmond, both alone and in concert with others, caused him to be charged with and convicted of various federal crimes based on "fabricated evidence," perjured testimony, and false statements made to jurors and the court. Morris further alleges that Redmond acted illegally and unethically to cause attorney Susan G. James to withdraw as his counsel in his criminal case. Morris seeks damages in the amount of

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). A "*Bivens* action" is a suit for damages against a federal actor who, acting in his or her individual capacity under color of federal law, is alleged to have violated the plaintiff's constitutional rights. *Bivens*, 403 U.S. at 397; *see Butz v. Economou*, 438 U.S. 478, 498-99 (1978). The standards of liability in a *Bivens* action are similar to the standards under 42 U.S.C. § 1983. *Butz*, 438 U.S. at 500.

$15,730 and requests injunctive and declaratory relief.

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2]

## II.  DISCUSSION

**A.     Statute of Limitations**

### 1.     *Background of Morris's Criminal Convictions*

The matters about which Morris complains concerns actions by Redmond as a federal prosecutor in two criminal cases in which Morris was tried and convicted by juries in this court. Court records reflect that on October 6, 2006, a jury convicted Morris of four counts related to criminal sexual activity with a minor, immigration fraud, and firearm possession by a convicted felon. *See United States v. Morris*, Case No. 2:05cr108-LSC (M.D. Ala. 2006). Court records further reflect that on October 31, 2006, a jury convicted Morris of making a false statement in an application for a passport. *See United States v. Morris*, Case

---

[2] The screening procedures that have been established for prisoner civil actions by § 1915A apply whether Morris has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-80 (5th Cir. 1998). Morris paid the full civil filing fee of $350. Notwithstanding the full payment of the filing fee, this court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A).

No. 2:06cr218-MHT (M.D. Ala. 2006). On July 6, 2007, the district court sentenced Morris to a total of 900 months in prison in Case No. 2:05cr108-LSC. On April 23, 2009, the district court sentenced Morris to 120 months in Case No. 2:06cr218-MHT, to run concurrently with the sentence imposed in Case No. 2:05cr108-LSC.[3] Morris appealed his convictions and sentence in Case No. 2:05cr108 to the Eleventh Circuit, and on July 28, 2010, the Eleventh Circuit affirmed. *See United States v. Morris*, 389 F. App'x 948 (11th Cir. 2010). Morris also appealed his conviction and sentence in Case No. 2:06cr218-MHT. On September 14, 2012, the Eleventh Circuit affirmed in that case as well. *See United States v. Morris*, No. 09-12105, 2012 WL 4040245 (11th Cir. Sep. 14, 2012).

### 2. *Morris's Allegations Against Redmond*

As noted, Morris alleges that Redmond, acting alone and conspiring with others, brought about his indictment and subsequent convictions in Case Nos. 2:05cr108-LSC & 2:06cr218-MHT, based on fabricated evidence, perjured testimony, and false statements that Redmond and others made to jurors and the court. Doc. No. 1-2. In particular, Morris asserts that Redmond made various misleading arguments to the grand jury to obtain his indictment and to the petit jury to obtain his conviction and that she suborned perjury, before the grand jury and then at trial, from Thomas Coram, a former agent with United States Immigration and Customs Enforcement ("ICE"). *Id.* at 6; *see also* Doc. No. 12. Morris further alleges that Redmond improperly and deliberately caused attorney Susan G. James

---

[3] Morris's sentencing in Case No. 2:06cr218-MHT was delayed by numerous continuances and proceedings concerning his competency to undergo sentencing.

to withdraw as his counsel in his criminal case. Doc. No. 1-2 at 10-11. In this regard, Morris states that, after the guilt phases of his trials, he retained James to represent him at sentencing and on appeal,[4] but that when he appeared in court on May 21, 2007, for sentencing in Case No. 2:05cr108-LSC, the district judge informed him that James, who was present at the hearing, had moved to withdraw as his counsel based on concerns arising from Morris's mailing her a copy of a book he had written and published titled "Virgin Bride.net." *See* Case No. 2:05cr108-LSC, Doc. No. 238. James told the court that Redmond had advised her that "Virgin Bride.net" contained images possibly constituting child pornography. *Id*. In moving to withdraw as Morris's counsel, James suggested to the court that Morris's forwarding to her of a copy of his book may have put her in violation of the law and raised other ethical concerns. *Id*. At the hearing, Redmond rejected Morris's request that she stipulate that his book did not contain images of child pornography and was a "legal publication." *Id*.

On June 11, 2007, the district court granted James's motion to withdraw as Morris's counsel and reappointed Jon Carlton Taylor, the attorney who represented Morris at trial, to represent him in further proceedings. *See* Case No. 2:06cr218-MHT, Doc. No. 70. Sentencing was continued to a later date. Morris maintains that Redmond suggested to James and the court that "Virgin Bride.net" contained images of child pornography – and that his mailing of the book to James might constitute a crime – in a deliberate attempt to

---

[4] James entered an appearance as Morris's counsel on December 15, 2006.

4

manufacture a conflict that would lead to James's withdrawal as his counsel. Morris also asserts that he ultimately "realized" that James had willingly cooperated with Redmond in a deliberate conspiracy to effect her withdrawal as his attorney. He further contends that Redmond acted unethically in refusing to stipulate that "Virgin Bride.net" did not contain child pornography.

### 3.   *Application of the Limitation Period*

From a review of Morris's allegations, it is apparent that nearly all of the actions forming the basis of his claims against Redmond occurred either before or during his trial in Case No. 2:05cr108-LSC, which culminated with the jury's verdict on October 6, 2006, or before or during his trial in Case No. 2:06cr218-MHT, which culminated with the jury's verdict on October 31, 2006. With regard to his allegations that Redmond improperly caused James to withdraw as his counsel (or conspired with James to this end), it is evident that Morris was aware of the basis for this claim as early as the hearing on May 21, 2007, when James moved to withdraw as his counsel, and no later than June 11, 2007, when the district court granted James's motion to withdraw. The same obtains for Morris's claim that Redmond acted unethically in refusing to stipulate that his book did not contain child pornography. Therefore, it is clear from the face of Morris's complaint – filed on or around November 4, 2010 – that all of Morris's claims are barred by the statute of limitations.

State law is determinative of the statute of limitations for a *Bivens* action. *See McIntire v. United States*, 884 F. Supp. 1529, 1531-32 (M.D. Ala. 1995), citing *Dukes v.*

*Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994); *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Alabama's statute of limitations for personal injury actions is codified at § 6-2-38(l), Ala. Code 1975. That section states that "[a]ll actions for any injury to the person or rights of another not rising from contract and not specifically enumerated in this section must be brought within two years." Consequently, the applicable statute of limitations for all complained-of actions that took place before or during Morris's trials and no later than entry of the June 11, 2007, order granting James's withdrawal as his counsel expired well before the November 4, 2010, filing of the instant complaint. Morris's claims are therefore barred by the statute of limitations and subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(A)(b)(1).[5]

### B. *Heck v. Humphrey*

In any event, none of the claims presented by Morris in his complaint are cognizable in this *Bivens* action, because any ruling on such claims would necessarily call into question the lawfulness of Morris's convictions and sentences. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[5] Morris asserts the he is entitled to have the statute of limitations tolled because he was under a legal disability by virtue of his confinement. However, Alabama law does not provide for the tolling of the statute of limitations due to incarceration. *See* § 6-2-8(a), Ala. Code 1975; *Morris v. Coram*, No. 2:09cv1107-ID, 2010 WL 2817286, at *2 n.5 (M.D. Ala. Jun. 29, 2010).

> determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87. The rule announced in *Heck* applies to *Bivens* damages claims. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Thus, a *Bivens* damages claim that calls into question the lawfulness of a conviction or sentence "does not accrue until the conviction or sentence has been invalidated." *Abella*, 63 F.3d at 1065, quoting *Heck*, 512 U.S. at 489. A ruling in favor of Morris on his claims against Redmond would necessarily imply the invalidity of Morris's convictions. However, under *Heck*, Morris may not use a *Bivens* action as a mechanism for challenging the validity of his conviction. Accordingly, as Morris's federal convictions have not been declared invalid, all of Morris's claims should be dismissed under *Heck*.

**C.     Other Grounds for Dismissal**

Morris's claims are also fatally flawed in other respects. First, to the extent Morris sues Redmond in her official capacity, Morris's claims are subject to dismissal in the absence of a waiver of sovereign immunity. The inherent sovereign immunity of the United States protects it and its agencies and employees from suit absent an express waiver. *Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Com'n*, 453 F.3d 1309, 1315 (11th Cir. 2006). "While a plaintiff may bring a *Bivens* action against a federal officer in his individual capacity, a plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity." *Horne v. Soc. Sec. Admin.*, 351 F. App'x 138,

7

143 (11th Cir. 2010). Because of the sovereign immunity of the United States, this court lacks jurisdiction to entertain Morris's constitutional claims against Redmond in her official capacity.

Further, to the extent that Morris is suing Redmond in her individual capacity for her initiation and pursuit of his criminal prosecution, Redmond is absolutely immune from suit. The Supreme Court has consistently held that all "acts undertaken by a prosecutor . . . in the course of his role as an advocate for the State are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)[6]; *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). Such immunity "is necessary to protect the judicial process." *Burns v. Reed*, 500 U.S. 478, 485 (1991). In *Imbler v. Patchman*, 424 U.S. 409, 424 (1976), the Supreme Court reasoned that "a prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages." Thus, prosecutors are absolutely immune from claims for damages based upon prosecutorial functions that are "intimately associated with the judicial . . . process." *Imbler*, 424 U.S. at 430. Absolute immunity "applies to the prosecutor's actions in initiating prosecution and in carrying the

---

[6] *Buckley* involved claims against state prosecutors under 42 U.S.C. § 1983. Courts apply immunity principles developed in § 1983 cases to *Bivens* claims. It would be "untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials." *Butz v. Economou*, 483 U.S. 478, 504 (1978).

case through the judicial process." *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). Such absolute immunity afforded advocates for the government extends to "'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." *Hart v. Hodges*, 587 F.3d 1288, 1296 (11th Cir. 2009).

The actions of Redmond complained of by Morris all involve Redmond's initiation of the prosecution and "in carrying the case through the judicial process." These actions were intimately associated with the judicial process; it is clear, therefore, that Redmond is entitled to absolute immunity.

Finally, the doctrine of res judicata acts as a bar to Morris's claims that Redmond improperly caused James to withdraw as his counsel and unethically refused to stipulate that his book "Virgin Bride.net" did not contain child pornography. Morris presented these claims in a previous *Bivens* action suit filed in this court, where Redmond was one of the named defendants and the claims were decided adversely to Morris and dismissed pursuant to 28 U.S.C. § 1915A. *See Morris v. James*, Case No. 2:07cv1059-WKW, Doc. No. 10 at 3-6. There are four elements necessary to the application of res judicata: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties are the same in both suits; and (4) the prior and present causes of action are the same. *See Davila v. Delta Air Lines, Inc*, 326 F.3d 1183, 1187 (11th Cir.

9

2003). The four elements necessary to the application of res judicata are satisfied here, and Morris is barred from relitigating his claims in this action.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b).

It is further

ORDERED that on or before **November 16, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 2nd day of November, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE